■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLANDO SANTIAGO, Appellant.—Appeal from an order, Supreme Court, New York County (Edwin Torres, J.), entered on or about January 10, 1990, denying defendant's motion, pursuant to CPL 440.10, to vacate a judgment of the same Court and Justice, entered on or about June 4, 1986, convicting him, after a jury trial, of the crimes of murder in the second degree (Penal Law § 125.25) and attempted murder in the second degree (Penal Law §§ 110.00, 125.25), and sentencing him to concurrent indeterminate prison terms of twenty years to life, and eight and one-third to twenty-five years, respectively, is held in abeyance, and the matter remanded for a hearing, as to when the defendant first received a copy of trial witness Mr. William Santana's testimony before a quorum of the third September-October 1982 Grand Jury, in a proceeding entitled: *People v Rolando Santiago.*

During the evening of January 26, 1982, defendant, and an unapprehended accomplice, allegedly shot Mr. William Santana seven times, and Mr. Pedro Marrero twice, in Apartment 8, located in 340 East 4th Street, New York County. While Mr. Santana survived, Mr. Marrero died of his wounds.

Thereafter, the New York County District Attorney's office presented a matter, entitled: *People v Rolando Santiago,* to a quorum of the third September-October 1982 Grand Jury, on September 8th and 24th, and, on September 24th, that Grand Jury voted a True Bill against defendant, charging him with the crimes of murder in the second degree and attempted

murder in the second degree. Prior to the filing of an indictment, on October 1, 1982, at the request of an Assistant District Attorney, that 1982 Grand Jury voted to withdraw the case, so that a fuller presentation could be made at a later time to another Grand Jury.

Almost a year later, in 1983, the District Attorney presented a matter entitled: *People v Rolando Santiago,* to a quorum of the fourth August/September 1983 Grand Jury, on August 23rd and September 2nd, and on September 2nd, that Grand Jury voted a True Bill against defendant, charging him with the crimes of murder in the second degree and attempted murder in the second degree. On or about September 7, 1983, an indictment against defendant was filed in the name of that Grand Jury.

Following his plea of not guilty, and pre-trial proceedings, in April 1986, defendant proceeded to trial on the 1983 indictment. Subsequently, on April 15, 1986, a petit jury found defendant guilty of the crimes of murder in the second degree and attempted murder in the second degree, and he was sentenced, as mentioned *supra.*

Defendant appealed, and we unanimously affirmed (133 AD2d 1019 [1st Dept 1987]), and thereafter, Chief Judge Sol Wachtler denied a motion for leave to appeal to the Court of Appeals (70 NY2d 1011 [1988]).

By motion, filed in August 1989, defendant, through counsel, moved, pursuant to CPL 440.10, to vacate the judgment of conviction, alleging, *inter alia,* improprieties in Grand Jury procedure, *Rosario (People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) and *Brady (Brady v Maryland,* 373 US 83 [1963]) violations. The People opposed. Without a hearing, by order, entered on or about January 10, 1990, Criminal Term denied the motion. Subsequently, by order, dated May 1, 1990, a Justice of this Court granted leave to the defendant to appeal that denial.

Our examination of the moving papers indicates that the defendant contends, *inter alia,* that the alleged *Rosario* and *Brady* violations resulted from the People's concealment from the defense, both before and during the trial, of the fact that Mr. Santana had testified before the 1982 Grand Jury.

At the trial, Mr. Santana was a key prosecution witness, and he had testified before the 1982 and 1983 Grand Juries. Defendant claims that, while the People in timely fashion provided a copy of the 1983 testimony of Mr. Santana, they did not provide the defense with a copy of Mr. Santana's 1982 Grand Jury testimony, until several years after the comple-

tion of the trial, and, since the 1982 Grand Jury testimony was a prior statement of Mr. Santana, the People were under an obligation to provide a copy of it no later than "[a]fter the jury [had] been sworn and before the prosecutor's opening address" (CPL 240.45 [1]; *People v Rosario, supra*).

In response, although the trial prosecutor affirms that he handed defense trial counsel copies of Mr. Santana's 1982 and 1983 Grand Jury testimony, he does not set forth any details of when and where he did that.

Since our review of the record does not clearly indicate exactly when the defendant first received a copy of Mr. Santana's 1982 Grand Jury testimony, we hold the appeal in abeyance, and remand the matter to Criminal Term for a hearing on that issue. Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.